## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEYLA FANDINO,<br>5709 Vandike St.<br>Philadelphia, PA 19135,<br><br>       Plaintiff,<br><br>  v.<br><br>COMMONWEALTH OF PENNSYLVANIA<br> DEPARTMENT OF MILITARY AND<br> VETERANS AFFAIRS,<br>One Veterans Drive<br>Spring City, PA 19475<br><br>c/o Commonwealth of Pennsylvania<br>Office of the Attorney General<br>Torts Litigation Unit<br>21 S. 12th St., 3rd Floor<br>Philadelphia, PA 19107<br><br>       Defendant. | C.A. No:_____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Neyla Fandino, files the within Complaint and avers as follows:

## PARTIES, JURISDICTION & VENUE

1.      Plaintiff, Neyla Fandino is an adult female individual domiciled at 5709 Vandike St., Philadelphia, PA.

2.      Defendant, the Pennsylvania Department of Military and Veterans Affairs, is an executive agency of the Commonwealth of Pennsylvania that operates the Southeastern Veterans Center, One Veterans Drive, Spring City, PA 19475 in Chester County, Pennsylvania.

3.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337; 29 U.S.C. § 2617(a); and 42 U.S.C. § 2000e-5(f), for this action brought under the Title VII of the Civil Rights Act of 1964 ("Title VII").  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) for claims brought under the Pennsylvania Human Relations Act, Pa. Stat. Ann. tit. 43, § 951 et seq. (the "PHRA").

4.     Venue is appropriate pursuant to 28 U.S.C. §1391(a) and (c) because Defendant is and was at all relevant times located in this District, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

5.     At all relevant times, Defendant employed more than 500 people.

6.     This action is timely because:

a)     Plaintiff timely filed Charge No. 530-2013-01376 with the Philadelphia District Office of the EEOC (the "Charge")

b)     On May 7, 2013, the EEOC issued a Notice of Right to Sue. The instant action has been commenced within 90 days of the issuance of such Notice

c)     There was no defect in the Charge filed with the EEOC.

d)     In the alternative, any defect in the Charge has been waived because Defendant did not timely object to such defect.

## FACTUAL ALLEGATIONS

7.     Repeats and realleges paragraphs 1-6 as if set forth at length herein.

8.     Plaintiff was employed at the Veteran's Home of Defendant's Southeastern Veterans Center (the "Veterans Home") as a Certified Nursing Assistant ("CNA").

9.     On August 24, 2012, Plaintiff was brutally attacked by a resident in the Veterans Home (the "Resident").   The Resident attempted to rape Plaintiff.   The Resident repeatedly pushed Plaintiff and threw Plaintiff into a glass door.

10.     The Resident was known by Defendant to be violent.   The Resident attempted to rape another employee of Defendant shortly before he attached Plaintiff. This employee reported the Resident's crime prior to the Resident's attack upon Plaintiff.

11.     Defendant took no steps to assure that other employees, including Plaintiff, would be safe from the Resident's behavior of sexually assaulting Defendant's employees.

12.     Plaintiff was instructed by her supervising nurse, who knew that the Resident was violent and attempted sexual assault, to care for the Resident in the Resident's room.

13.     Pursuant to her supervisor's instructions, Plaintiff entered the room and the Resident tried to attack Plaintiff.

14.     The supervising nurse walked into the room and dismissively said that he did not have time for this.

15.     Defendant did not take any steps to assure that the Resident would not try to further harm Plaintiff or anyone else.

3

16.     Plaintiff's supervisor instructed Plaintiff to enter the TV room where the Resident was located.

17.     Resident again sexually assaulted Plaintiff, and at this time threw Plaintiff through the door.

18.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe injuries, which include but are not limited to:

  a)      Lost wages;

  b)      Lost back pay;

  c)      Lost future wages;

  d)      Lost benefits;

  e)      Embarrassment and humiliation;

  f)      severe emotional distress;

19.     Based on the foregoing, it is clear that Plaintiff suffered intentional discrimination because of her protected characteristic; the discrimination was severe and/or pervasive; the discrimination detrimentally affected her; the discrimination would detrimentally affect a reasonable person in like circumstances; and the basis for employer liability is present.

20.     Defendant's conduct toward Plaintiff was reckless, willful, wanton, knowing, intentional and/or malicious.

## COUNT I – TITLE VII – SEX DISCRIMINATION

21.     Repeats and realleges paragraphs 1-25 as if set forth at length herein.

22.     Defendant's conduct created a hostile work environment, in violation of Title VII.

23.     Defendant's constitutes unlawful discrimination on the basis of Plaintiff's sex, in violation of Title VII.

24.     An employer is responsible for the acts of non-employees, with respect to sexual harassment of employees in the workplace, where the employer (or its agents or supervisory employees) knows or should have known of the conduct and fails to take immediate and appropriate corrective action.

25.     Here, Defendant knew or should have known of the Resident's conduct and failed to take immediate and appropriate corrective action.

26.     Defendant knew that the Resident was a sexual predator who attacked employees of Defendant prior to August 24, 2012.

27.     Defendant knew that Plaintiff was in danger of a sexual attack by the Resident between the time Plaintiff's supervisor observed the Resident's conduct in the Resident's room and the time the Resident again assaulted Plaintiff in the TV room.

28.     Defendant's conduct toward Plaintiff was reckless, willful, wanton, knowing, intentional and/or malicious.

29.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe injuries, which include but are not limited to:

        a)      Lost wages;

b)      Lost back pay;

c)      Lost future wages;

d)      Lost benefits;

e)      Embarrassment and humiliation;

f)      severe emotional distress;

WHEREFORE, Plaintiff, Neyla Fandino, seeks judgment against Defendant Commonwealth of Pennsylvania Department of Military and Veterans Affairs for all equitable and monetary relief available under the applicable laws and other such relief as the Court may award; and for judgment for back pay, front pay, lost benefits, compensatory damages, punitive damages, liquidated damages, prejudgment interest, attorney's fees and costs, and all other damages allowed under the applicable laws.

## COUNT II – TITLE VII – SEXUAL HARASSMENT

30.     Repeats and realleges paragraphs 1-29 as if set forth at length herein.

31.     Defendant's conduct created a hostile work environment, in violation of Title VII.

32.     Defendant's conduct constitutes unlawful sexual harassment, in violation of Title VII.

33.     Defendant's conduct toward Plaintiff was reckless, willful, wanton, knowing, intentional and/or malicious.

34.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe injuries, which include but are not limited to:

a)      Lost wages;

6

b)      Lost back pay;

c)      Lost future wages;

d)      Lost benefits;

e)      Embarrassment and humiliation;

f)      severe emotional distress;

WHEREFORE, Plaintiff, Neyla Fandino, seeks judgment against Defendant Commonwealth of Pennsylvania Department of Military and Veterans Affairs for all equitable and monetary relief available under the applicable laws and other such relief as the Court may award; and for judgment for back pay, front pay, lost benefits, compensatory damages, punitive damages, liquidated damages, prejudgment interest, attorney's fees and costs, and all other damages allowed under the applicable laws.

## COUNT III – VIOLATIONS OF THE PHRA

35.     Repeats and realleges paragraphs 1-34 as if set forth at length herein.

36.     Defendant's conduct created a hostile work environment, in violation of the PHRA.

37.     Defendant's conduct constituted sex discrimination, in violation of the PHRA.

38.     Defendant's conduct constituted sexual harassment, in violation of the PHRA.

39.     Defendant's conduct toward Plaintiff was reckless, willful, wanton, knowing, intentional and/or malicious.

7

40.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe injuries, which include but are not limited to:

  a)      Lost wages;

  b)      Lost back pay;

  c)      Lost future wages;

  d)      Lost benefits;

  e)      Embarrassment and humiliation;

  f)      severe emotional distress;

WHEREFORE, Plaintiff, Neyla Fandino, seeks judgment against Defendant Commonwealth of Pennsylvania Department of Military and Veterans Affairs for all equitable and monetary relief available under the applicable laws and other such relief as the Court may award; and for judgment for back pay, front pay, lost benefits, compensatory damages, punitive damages, liquidated damages, prejudgment interest, attorney's fees and costs, and all other damages allowed under the applicable laws.

Respectfully submitted,

CREECH LAW LLC

/s/ Timothy P. Creech
TIMOTHY P. CREECH
1835 Market St., Suite 2626
Philadelphia, PA 19103
(215) 575-7618; Fax: (215) 575-7688
Timothy@AttorneyCreech.com

DATED:     July 25, 2013