IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
NEYLA FANDINO                   : CIVIL ACTION
                                :
     Plaintiff                  :
                                :
     vs.                        : NO. 13-CV-4302
                                :
COMMONWEALTH OF PENNSYLVANIA    :
DEPARTMENT OF MILITARY AND      :
VETERANS AFFAIRS                :
                                :
     Defendant                  :
```

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                    **November 12, 2013**

This is a purported Title VII employment discrimination action which has been brought before the Court on motion of the Defendant, the Pennsylvania Department of Military and Veterans Affairs, to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)[1].  For the reasons which follow, the motion shall be granted.

**Factual Background**

This action arises out of a series of events which occurred on August 24, 2012.  According to Plaintiff's complaint, on that date she was working as a certified nursing assistant ("CNA") at

---

[1] Initially, Defendant had also moved for dismissal of Plaintiff's third cause of action under the Pennsylvania Human Relations Act pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that it, as an agency of the Commonwealth, retains its Eleventh Amendment immunity from suit in the federal courts for actions under the PHRA.  In response, Plaintiff does not dispute this contention and has voluntarily withdrawn her PHRA claim.

Defendant's Southeast Veteran's Center in Spring City, Pennsylvania when she was instructed by her supervising nurse to care for a resident who was known to be violent.  Plaintiff alleges that when she walked into the resident's room, the resident tried to attack her, that the supervising nurse walked in during the attack but did nothing to help Plaintiff, saying only that he didn't "have time for this," and that her supervisor also instructed her to enter the TV room where the resident was located.  The resident again attacked Plaintiff, tried to rape her and threw her through a glass door.  (Pl's Compl., ¶s 9-15, 16-17).

As a result of these assaults, Plaintiff suffered severe injuries and lost wages and benefits, emotional distress and embarrassment and humiliation.  (Compl., ¶18).  She seeks damages from Defendant on the basis of Title VII, 42 U.S.C. §2000e, *et. seq*. alleging that by failing to protect her from a known sexual predator, Defendant sexually harassed and discriminated against her and created a hostile work environment.  Defendant now moves to dismiss the complaint in its entirety.

## Standards Governing Motions to Dismiss

It is well established that in considering motions to dismiss under Fed. R. Civ. P. 12(b)(6), the district courts must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, viewing them

in the light most favorable to the plaintiff.  <u>Great Western Mining & Mineral Co. v. Fox, Rothschild, LLP</u>, 615 F.3d 159, 161 n.1 (3d Cir. 2010); <u>Krantz v. Prudential Investments Fund Management</u>, 305 F.3d 140, 142 (3d Cir. 2002); <u>Hamilton v. Allen</u>, 396 F. Supp.2d 545, 548-549 (E.D. Pa. 2005) .  In so doing, the courts must consider whether the complaint has alleged enough facts to state a claim to relief that is plausible on its face. <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007).  "It is therefore no longer sufficient to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of the proscribed conduct."  <u>Umland v. Planco Financial Services, Inc.</u>, 542 F.3d 59, 64 (3d Cir. 2008), quoting <u>Philips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

## Discussion

As noted, Plaintiff premises her claims for relief against Defendant upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.*  Under §2000e-1(a),

> It shall be an unlawful employment practice for an employer-
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any

3

>individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

To make out a claim for sex discrimination under Title VII, a plaintiff must first establish a *prima facie* case of discrimination. Mandel v. M & Q Packaging Corp., 706 F.3d 157, 169 (3d Cir. 2013)(citing Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-53, 101 S. Ct. 1089, 1093, 67 L. Ed.2d 207 (1981) and McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed.2d 668 (1973)).  Specifically, a plaintiff must show that (1) "s/he is a member of a protected class, (2) s/he was qualified for the position that s/he sought to attain or retain. (3) s/he suffered an adverse employment action, and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination." Id, (quoting Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008)).  An adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Ugorji v. NJ Environmental Infrastructure Trust, No. 12-2751, 2013 U.S. App. LEXIS 12265 at *13 (3d Cir. June 18, 2013)(quoting Burlington

Industries, Inc. v. Ellerth, 524 U.S. 742, 761, 118 S. Ct. 2257, 141 L. Ed.2d 633 (1998) and Durham Life Ins. Co. v. Evans, 166 F.3d 139, 152-53 (3d Cir. 1999)).

Title VII also prohibits sexual harassment that is "sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment."  Mandel, 706 F.3d at 167 (quoting Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67, 106 S. Ct. 2399, 91 L. Ed.2d 49 (1986)).  "To succeed on a hostile work environment claim, the plaintiff must establish that 1) the employee suffered intentional discrimination because of his/her sex, 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of *respondeat superior* liability."  Id.  "Whether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances."  Harris v. Forklift Systems, Inc., 510 U.S. 17, 23, 114 S. Ct. 367, 371, 126 L. Ed.2d 295 (1993).  "These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  Id.

In this case, it is clear that the facts pled in plaintiff's

complaint cannot sustain Title VII claims for sexual discrimination or sexual harassment.  Indeed, with regard to the discrimination claim, the only element that is alleged (*albeit* indirectly) is that the plaintiff is a female.  Nowhere are any facts alleged from which we may infer that Plaintiff was qualified for her nursing assistant position nor are there any allegations which suggest that her job qualifications were in any way implicated or germane to the circumstances which gave rise to her complaint.  Although it is averred that Plaintiff suffered serious personal injuries, given the definition set forth above, we cannot find this to be an adverse employment action for purposes of Title VII liability.  Finally, the complaint avers that Plaintiff was injured by a violent resident of Defendant's Spring City facility – not by any employee, agent, or other representative of the defendant.  In the absence of any facts suggesting that this resident acted at the behest of or in the scope of any type of relationship with Defendant, in no way can we infer that Plaintiff's injuries were the result of intentional sexual discrimination on the part of the Defendant.  For these reasons, Count I alleging sexual discrimination must be dismissed.

   Likewise, the facts pled fail to state a claim for sexual harassment.  Again, there are absolutely no averments that Defendant intentionally discriminated against Plaintiff because

of her sex - all that is alleged is that she was directed by her supervisor to provide care to a violent resident. Further, the complaint alleges that Plaintiff was to care for this individual on just one date – August 24, 2012. Consequently, we cannot find that the requirement for severe or pervasive discrimination has been satisfied either. We therefore conclude that the complaint in this matter is properly dismissed in its entirety.

    An order follows.